393 P.2d 923

Jewell J. STONE, Petitioner,

v.

The Honorable Charles STIDHAM, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, and Helen Lea Stone Maidens, Respondents.

No. 8020.

Supreme Court of Arizona.

En Banc.

July 1, 1964.

Virginia Hash and Arthur C. Navarro, Phoenix, for petitioner.

Tupper, Skeens & Rapp, by Gerald D. Tupper, Phoenix, for respondent.

IRWIN CANTOR, Superior Court Judge.

Petitioner, Jewell J. Stone, has applied to this Court for a Writ of Prohibition against the Superior Court of Maricopa County, the Honorable Charles C. Stidham, as Judge thereof, prohibiting him from taking further action in case number 61240.

Jewell J. Stone hereinafter referred to as petitioner, and his former wife, now Helen Lea Stone Maidens, had entered into a negotiated property settlement agreement on July 15, 1960. The portion of the agreement in question is as follows:

> "That Jewell J. Stone shall pay to Helen Lea Stone as and for her share of the parties' community property the sum of one hundred twenty-five dollars ($125.00) per month for a period of ten (10) years. Said payment to begin on the date said divorce is granted."

Thereafter the petitioner as plaintiff filed a divorce action against his wife Helen Stone. The parties were divorced on August 10, 1960. Mrs. Stone was not represented by counsel. The divorce decree incorporated the agreement by stating the following:

"That the property settlement agreement entered into between the parties received in evidence as plaintiff's Exhibit 1, be and the same is hereby settled, approved, and made a part of this judgment and decree of divorce, as if fully set forth herein."

On May 28, 1963, the petitioner was cited before the Superior Court on an Order to Show Cause why he had failed to make the payments due to Helen Lea Stone Maidens. The court, after hearing testimony from both parties, entered the following order:

"It is ordered finding that the arrearages in the payments due the defendant under the decree and property settlement agreement are in the sum of one thousand four hundred ninety-three dollars and seventy-five cents ($1,493.-75).

"It is further ordered finding that the plaintiff is in contempt for having failed to pay said amount and that he may absolve himself of said contempt by paying said amount in full within a period of sixty (60) days, or in lieu thereof, be confined in the County Jail for a period of six (6) months."

It is from this order that the petitioner seeks a Writ of Prohibition on the grounds that the Trial Court was without jurisdiction in entering the foregoing order. See Van Ness v. Superior Court, 69 Ariz. 362, 213 P.2d 899. He claims that if he failed to make said payments within sixty (60) days he would be imprisoned for debt in direct violation of Article II Section 18 of the Arizona Constitution, A.R.S. It is the position of Helen Lea Stone Maidens, the real party respondent in this matter, that the payments required by the Decree were also for her maintenance and support and therefore enforcible by contempt proceedings.

We have presented to us two principles of law. The first is that imprisonment for debt is contrary to the Arizona Constitution. It is without doubt that the payment of a debt cannot be enforced by imprisonment for contempt. Collins v. Superior Court, 48 Ariz. 381, 62 P.2d 131.

The other principle of law before us is that notwithstanding the foregoing constitutional prohibition when one fails, without good cause, to make the support payments for a former wife as ordered in a divorce decree, he may be imprisoned for contempt. Collins v. Superior Court, supra.

Support and alimony are based on the theory that there is a moral and social

obligation to support one's child or former wife as well as the statutory duty imposed by law. The problem then resolves itself into the question of whether the obligation specified in this agreement and incorporated in the decree is enforcible by contempt proceedings. The payments to be made to the wife were "for her share of the community property". The decree including the agreement is clear and unambiguous as to the nature of the payments. They were by way of division of community property and not as alimony or support payments.

We recognize that the authorities are divided on the question of whether the terms of the decree incorporating the property settlement are enforcible by contempt proceedings. Some states have examined the decree to ascertain if the intent of the settlement was actually for maintenance and support. See Notes 124 A.L.R. 145 and 154 A.L.R. 443.

We have held in Long v. Stratton, 50 Ariz. 427, 72 P.2d 939 that a decree incorporating the property settlement which provides for certain payments as settlement of the parties' community interest together with the former wife's right of support may be enforced by contempt. However, the case at bar is distinguishable from the foregoing in that in this case only a division of community property was agreed upon.

█ As in all cases of constitutional provisions designed to safeguard the liberty of the person, every reasonable doubt should be resolved in favor of such liberty.

██ The term "alimony" does not contemplate a settlement of property interest or general endowment of wealth. Like the alimentum in civil law from which the word was derived it has for its sole object the provision of food, clothing, habitation and other necessities for support. We believe the better view is that the decree incorporating property settlement agreement cannot be enforced by contempt proceedings.

In the case of Bradley v. Superior Court, 48 Cal.2d 509, 522, 310 P.2d 634, 642, the California Supreme Court had before it facts very similar to those in the case at bar. The court on page 642 stated:

"We are satisfied that the better view is that payments provided in a property settlement agreement which are found to constitute an adjustment of property interests, rather than a severable provision for alimony, should be held to fall within the constitutional proscription against imprisonment for debt. That is, if the obligation sought to be enforced is contractual and negotiated, as distinguished from marital and imposed by law, even though the contract relates to marriage obligations, the remedy must be appropriate to the right asserted."

The reason expressed in the above quotation was adopted from Maryland where marital property rights are governed by common law principles. Dickey v. Dickey, 154 Md. 675, 141 A. 387, 58 A.L.R. 634; Bushman v. Bushman, 157 Md. 166, 145 A. 488, are the leading cases for the principle that a property settlement incorporated in a divorce decree is not enforcible by contempt proceedings. In Dickey the wife's interest originated because the property had been conveyed to the couple as tenants by the entireties. The reasoning expressed in Bradley is based on constitutional prohibitions against imprisonment for debt which are found in the Maryland, California and Arizona Constitutions. Other courts have given a broader power to punish for contempt to enforce some types of marital property settlements. See, for example, Holloway v. Holloway, 130 Ohio St. 214, 198 N.E. 579, 154 A.L.R. 439 (property settlement regarded as part of alimony); Decker v. Decker, 52 Wash.2d 456, 326 P.2d 332 (payment to third party enforced by contempt). However, this court in Collins v. Superior Court, supra, reached the opposite result from that in Decker in which the facts were similar. Arizona is already aligned with the jurisdictions which give alimony its narrow legal definition in determining its meaning where the question involved is the extent of the exception for alimony from the general constitutional prohibition against imprisonment for debt.

Dickey and the cases which follow it makes a fundamental distinction between an alimony decree, which does not create a debt, and a property settlement, which does. This distinction holds good where the property settlement is approved by the court, incorporated in its divorce decree as a money judgment, and is payable in installments. In Dickey the Maryland court said:

"* * * the obligation to pay alimony in a divorce proceeding is not regarded as a debt but a duty growing out of the marital relation and resting upon a sound public policy, and so this obligation may be enforced by attachment of the person for contempt, and the defendant be imprisoned unless he can purge himself of the contempt by paying or by showing that he has neither the estate nor the ability to pay. (citations)

"While the fact that the decree in the present case is not for alimony, but only directs the payment of money, prevents the enforcement of the decree by the imprisonment of the defendant for his default, yet the appellant is not without means for compelling the payment of the weekly sum awarded by such further appropriate processes * *." (141 A. at 390, 58 A.L.R. at 638)

■ This principle has been recognized in Arizona, and we do not permit the modification of "alimony" where it is in fact the

# 240

consideration for a property settlement. Gillespie v. Gillespie, 74 Ariz. 1, 242 P.2d 837; Simpson v. Superior Court, 87 Ariz. 350, 351 P.2d 179. It follows that where payment has a contractual basis, that is not subject to modification, it is a debt and not enforcible by contempt proceedings and imprisonment, even though incorporated in a divorce decree and called "alimony." In Simpson, supra, we held that the fact issue of whether "alimony" or a property settlement was involved could not be determined on application to this court for a writ of prohibition, but should be determined in the first instance in the superior court.

It is apparent from what we have said here that the court has exceeded its jurisdiction.

The request by counsel for Helen Lea Stone Maidens for attorney's fees is denied. Wright v. Stidham, 95 Ariz. 316, 390 P.2d 107.

Writ granted.

UDALL, C. J., and STRUCKMEYER, BERNSTEIN and JENNINGS, JJ., concur.

NOTE: LORNA E. LOCKWOOD, V. C. J., having disqualified herself, the Honorable Irwin Cantor, Judge of the Superior Court of Maricopa County, Arizona, was called to sit in her stead and participate in the determination of this case.