518 P.2d 576

**Hugh P. V. RUHSAM, Appellant,**

v.

**Joan M. RUHSAM, Appellee.**

**No. 11409-PR.**

Supreme Court of Arizona,
In Banc.

Jan. 30, 1974.

Rehearing Denied March 12, 1974.
See 520 P.2d 298.

Brown & Wyss by Ray C. Brown and James B. Wyss, Tucson, for appellant.

Johnson, Hayes & Dowdall, Ltd. by John R. Even, Tucson, for appellee.

STRUCKMEYER, Justice.

This appeal arose out of an order to show cause in the Superior Court of Pima County as to why Hugh P. V. Ruhsam, appellant herein, should not be held in contempt for failure to comply with a judgment directing him to pay child support. The Superior Court found that appellant had failed to meet his support payments. The Court of Appeals reversed. Opinion of the Court of Appeals, 21 Ariz.App. 101, 515 P.2d 1199 (1973), vacated, and judgment of the Superior Court affirmed.

Appellant and Joan M. Ruhsam were divorced in May of 1970. A post-nuptial agreement executed by both parties was attached to the divorce decree. It was approved, confirmed, ratified and made a part of the decree by the court. The agreement, among other things, gave the custody of the three minor children to Mrs. Ruhsam and provided that appellant would pay the sum of $100.00 per month for the support of each child until "emancipated by marriage, majority, or * * * death * * *."

At the time of the divorce, A.R.S § 1–215 provided that majority "as used in reference to age of persons means the age of twenty-one years or more." In 1972, this statute was amended to read "eighteen years or more." Appellant's position, therefore, was that the legislative change in the age of majority relieved him from support of the eldest child, who had reached eighteen. Mrs. Ruhsam brought this action to require appellant to continue support payments for this child until the age of twenty-one.

At the hearing on the order to show cause, the trial court, believing that the word "majority" was ambiguous, allowed the parties to testify as to their intention in signing the agreement. Where an ambiguity exists in the interpretation of a contract, the intention of the parties governs. Levitz Furniture Co. v. Safeway Stores, Inc., 105 Ariz. 329, 464 P.2d 612 (1970). Thereafter, at the conclusion of the hearing, the trial court found "the new law making the age of majority eighteen has no effect upon a contract entered into prior to the passing of said law when the intent, at the time of entering into said contract, was that 'majority' meant twenty-one." The court ordered appellant to continue the $100.00 payments for each child until each reached twenty-one.

It is apparent that the trial court believed that both parties at the time of signing of the agreement intended the word "majority" to mean twenty-one. Mrs. Ruhsam testified that she meant to have support paid until the age of twenty-one. Appellant testified:

"Q. Is it true that you signed the document intending to use the word 'majority' and at that time you knew it was twenty-one?

A. Yes.

\* \* \* \* \* \*

Q. If the law had not changed . . . would you have continued to make child

support payments based on this agreement until each child reached twenty-one?

A. Until they reached the age of majority, yes sir.

Q. That would have been twenty-one, is that correct?

A. Yes. Under the existing law, yes, had it not been changed.

Q. That was your intent at the time you signed the agreement, is that correct?

A. Yes.

\* \* \* \* \* \*

Q. At that point in time, will you tell the court what your intent was with regard to the meaning of the word 'majority?'

A. My intent was 'majority' was twenty-one."

■■ In the interpretation of a contract effect should be given to the intention of the parties *at the time the agreement was made.* Levitz Furniture Co. v. Safeway Stores, Inc., 105 Ariz. 329, 464 P.2d 612, *supra*; Ashton v. Ashton, 89 Ariz. 148, 359 P.2d 400 (1961); Employer's Liability Assurance Corp. v. Lunt, 82 Ariz. 320, 313 P.2d 393 (1957). Mental reservations or secret intentions of a party to a contract do not affect its validity. In re Estate of Trigg, 102 Ariz. 140, 426 P.2d 637 (1967).

Appellant argues that majority is a status and not a vested right. With this, we agree, but we do not think the argument has relevance to the determination of this appeal. The court's task here is to determine what rights vested in Mrs. Ruhsam under the terms of her contract. Such cases cited by appellant, as for example, Rosher v. Superior Court, 9 Cal.2d 556, 71 P.2d 918 (1937), are pertinent only in that they deal with court orders requiring payments for child support during minority. They do not construe binding contracts of parties which have been incorporated by order of the court as part of the decree. In this respect, Wilcox v. Wilcox (Ky. App.), 406 S.W.2d 152 (1966), is on point, holding under a nearly identical fact situation that the intention of the parties governs.

■ We therefore hold that under the contract of the parties, by the use of the word "majority," Hugh P. V. Ruhsam became indebted to Joan M. Ruhsam for the sum of $100.00 a month for each of his three children until each reached the age of twenty-one years.

■ However, we do not think the post-nuptial agreement can be enforced by contempt nor, apparently, did the trial court, for its order was more in the nature of a pronouncement of the rights of the parties than a finding that appellant was in contempt of court.

A.R.S. § 1–215, subsec. 4, as amended by Laws of 1972, provides that a "child" means a person under the age of eighteen years. A.R.S. § 25–320, as amended by Laws of 1973, provides that a court may order either parent owing a duty of support to a child to pay an amount reasonable and necessary therefor. We consequently conclude that the Superior Court does not have the jurisdiction to enforce by contempt an order directing appellant to continue child support payments beyond the age of minority as fixed by the Legislature.

Until a child reaches his majority at the age of eighteen, a court may enforce its order for support by contempt. Where there is a contract for support, such as here, the contract may be enforced after the child reaches his majority only as other judgments for debt. Stone v. Stidham, 96 Ariz. 235, 393 P.2d 923 (1964).

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.