520 P.2d 298

**Hugh P. V. RUHSAM, Appellant,**

v.

**Joan M. RUHSAM, Appellee.**

**No. 11409–PR.**

Supreme Court of Arizona,
In Banc.

March 12, 1974.

Brown & Wyss by Ray C. Brown and James B. Wyss, Tucson, for appellant.

Johnson; Hayes & Dowdall, Ltd. by John R. Even, Tucson, for appellee.

Karman, Brumage & Ochoa by Howard H. Karman, Casa Grande, amicus curiae.

STRUCKMEYER, Justice.

In the appellant's motion for rehearing in this cause, it was pointed out that there was an error in our written decision in quoting the testimony of appellant, Hugh P. V. Ruhsam. The last question and answer of the quoted testimony was the testimony of another witness. The question and answer are accordingly ordered stricken as inadvertently included in appellant's testimony. However, this change does not in any way affect our conclusion as to appellant's intent at the time the agreement was signed.

Appellant questions the last sentence of the decision in which we held that the contract can be enforced after the child reaches his majority. The decision did not point out the well established rule in Arizona that if there is language in a post-nuptial agreement from which it is clear that a merger with the divorce judgment is not intended, the purpose of the incorporation by the court into the judgment will be only to identify the agreement so as to render its validity res judicata in any subsequent action based upon it. McNelis v. Bruce, 90 Ariz. 261, 367 P.2d 625 (1961); Simpson v. Superior Court, 87 Ariz. 350, 351 P.2d 179 (1960). The post-nuptial agreement in this case provides:

"The efficacy of this agreement shall not be effected (*sic*) adversely, whether

or not it is filed in such proceedings, but it shall continue to be, and maintained at all times to be, a binding and final agreement between the parties."

The decision of this Court as supplemented is approved and the judgment of the Superior Court affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.