523 P.2d 110

James L. SAVAGE, Petitioner,

v.

The Honorable Howard F. THOMPSON, Judge of the Superior Court, In and For the County of Maricopa, State of Arizona, Respondent;

Virginia SAVAGE, Real Party in Interest.

No. 1 CA–CIV 2595.

Court of Appeals of Arizona, Division 1, Department B.

June 11, 1974.

Rehearing Denied July 19, 1974.
Review Denied Oct. 1, 1974.

Karman & Brumage by Howard H. Karman, Casa Grande and Otis D. Sullivan, Phoenix, for petitioner.

Flynn, Kimerer, Thinnes & Galbraith, by Clark L. Derrick, Phoenix, for respondent Savage.

## OPINION

JACOBSON Chief Judge, Division 1.

The sole issue presented by this special action proceeding is the jurisdiction of a trial court in a domestic relations action to proceed with the enforcement of child support orders where the children involved have reached the age of 18 years.

The proceedings in the trial court arose out of a petition filed on November 15, 1972, by real party in interest, Virginia Savage, seeking to hold petitioner, James L. Savage, in contempt of court for his alleged failure to pay child support awarded in a judgment of divorce dated. March 15, 1963 and as modified on September 15, 1970. The petitioner sought a counter-order to terminate support payments because of the change in the age of majority from twenty-one to eighteen as specified in A.R.S. § 1–215, by Laws 1972, Ch. 146, § 1, effective August 13, 1972. On that effective date, the children for whom the husband had been ordered to. pay support to the wife were already 18 years old and hence adults under the revised definition.

On November 19, 1973, by minute entry order, the trial court denied the relief sought by the petitioner, declined to hold petitioner in contempt on the ground that he "followed the advice of counsel in failing to make the child support payment pursuant to the property settlement agreement incorporated in the Judgment and Decree of Divorce", but entered judgment in the wife's favor for child support arrearage in

the sum of $7,805.25, representing approximately the child support due from February, 1972 through October, 1973. This minute entry order was subsequently reduced to a written judgment signed by the trial court on January 3, 1974 and filed March 15, 1974, thus becoming an appealable judgment.

The minute entry order was substantively appealable and would have been formally appealable had it been reduced to writing, signed and filed (as it was after the petition was filed). Under such circumstances, this Court would normally not have entertained this special action at all because of the adequacy of petitioner's remedy by appeal. However, at the time the petition was filed, there had been no appellate decision in this state as to the effect on such a situation of the reduction in the age of majority, and because. of the broad and immediate public interest involved arising from the large number of existing divorce judgments antedating the 18-year-old amendment, the Court accepted jurisdiction. Since then, both our Supreme Court and Division 2 of this Court have decided cases involving similar issues. Ruhsam v. Ruhsam, 110 Ariz. 326, 518 P. 2d 576 (1974); supplemental opinion 110 Ariz. 426, 520 P.2d 298 (1974), and State ex rel Cordova v. Cordova, 21 Ariz.App. 431, 520 P.2d 525 (1974). Since we accepted jurisdiction under these circumstances initially, the court is of the opinion that it would be unfair to all parties to decline jurisdiction at this time because of subsequent events.

As indicated in the trial court's minute entry, the support payments sought to be enforced by contempt were provided for in a written agreement between the former spouses, in which the husband agreed to pay to the wife the sum of $150 per month for each of their two twin daughters until they "reach the age of twenty-one (21) years, or sooner marry." This agreement contained no provision whatsoever concerning its effectiveness as a separate contract or its incorporation or merger into any divorce judgment which might be entered. The divorce judgment entered on March 15, 1963, approved the agreement and made it a part of the judgment by reference. However, the judgment also specifically ordered in a separate provision that the husband pay to the wife the sum of $150 per month per child until they reached 21 or married. The divorce judgment was later modified, on the wife's application, to increase the amount of the monthly payments to $200 per child. Petitioner paid the ordered amount to the wife until each child had reached the age of 18 and graduated from high school. Thereafter, he continued to pay the ordered amount up to the hearing, but paid it directly to each daughter rather than to his former wife. In the current proceedings, as indicated, the trial court found him in arrears for this period and ordered judgment in favor of the wife for the total amount of the monthly payments which had been paid to the children instead of to her, up to the date of the hearing. This order therefore included support payments for months after the children became 18 and also after the effective date of the statutory change in the age of majority to 18. Petitioner then ·brought this special action.

The only relief sought by this special action, however, is the restraining of the trial court from entering a written judgment or proceeding further in this matter. No affirmative relief is sought by petitioner here, as it was originally in the trial court. The only issue on this special action, therefore, is whether the trial court acted within its jurisdiction in entering the order and subsequent judgment complained of.

In order to answer this issue it is necessary to analyze the rights sought to be enforced, and the jurisdiction of the court to enforce those rights in the divorce proceedings. This in turn requires a discussion of Ruhsam v. Ruhsam, *supra*. *Ruhsam* originated as an action to hold in contempt a father, who, by a prejudgment agreement, had contractually bound himself to pay child support to his then wife until

the children had reached the age of 21 years. The Arizona Supreme Court was clear in its pronouncement that absent a contractual obligation, the trial court, in a divorce action, has no jurisdiction after the effective date of the statutory amendment to enforce a judgment for child support accruing after the children reached the age of 18 years, the court stating:

"We consequently conclude that the Superior Court not have the jurisdiction to enforce by contempt an order directing appellant to continue child support payments beyond the age of minority as fixed by the Legislature." 518 P.2d at 578.

This holding of lack of jurisdiction is in keeping with prior Supreme Court decisions. For example, as was stated in Crook v. Crook, 80 Ariz. 275, 296 P.2d 951 (1956) involving the liability of a father for support of a married daughter where the judgment of divorce required support until majority (then 21 years) and the married daughter had not yet obtained the age of 21:

"*The termination of the parental duty-relationship* by her marriage had a direct effect upon the provisions of the decree, *whereby no enforceable rights in support payment could thereafter accrue to plaintiff.*" (Emphasis added.) 80 Ariz. at 278, 296 P.2d at 953.

As is made clear by the supplemental opinion in *Ruhsam,* it is not the judgment of the court for support which will give rise to a continuing liability on the part of the father to pay child support after age 18; it is solely the contractual obligation arising from a non-merged child support agreement. In other words, as we interpret *Ruhsam,* if the child support agreement has been merged in the courts' judgment of divorce under the doctrine of Gillespie v. Gillespie, 74 Ariz. 1, 242 P.2d 837 (1952), then the trial court loses its continuing jurisdiction, even in chilld support agreement cases, *to enforce support* payment accruing after the child reaches the age of 18 years.

Since the only remaining obligation to support after age 18 is a contractual one, does the trial court in the divorce proceedings have continuing jurisdiction to enforce that non-merged contractual obligation? At first blush we would feel that such continuing jurisdiction does not exist, primarily because what is sought to be enforced is not any prior adjudication in the divorce proceeding, but rather separate contractual rights, in essence, a separate action seeking specific performance of the contract to pay child support. However, in *Ruhsam,* the trial court did, in the divorce proceedings, order the father to continue the child support payment until age 21 on the basis that this obligation existed by virtue of the father's prior contractual agreement. This order was affirmed by the Supreme Court, at least inferentially holding that the trial court had jurisdiction to enter such an order. This inferential holding is to be contrasted with the express holding in *Ruhsam,* that:

"Where there is a contract for support, such as here, the contract may be enforced after the child reaches his majority *only* as other judgments for debt." 518 P.2d at 578. (Emphasis added.)

In view of the lack of *judgment* enforcing jurisdiction in the trial court, we are forced to the conclusion that a proper interpretation of *Ruhsam* is that the remaining contractual rights, if any, can only be enforced like any other contractual rights, that is, by bringing a separate contract action, obtaining a judgment, and enforcing it as any other civil judgment. We are reinforced in this conclusion by the realization that the continuing jurisdiction of the trial court in domestic relation actions under former A.R.S. § 25–321, now A.R.S. § 25–327 is, insofar as is pertinent here, limited to enforcing support of the minor children of the parties. However, where such minor children no longer exist, the continuing jurisdiction of the trial court should likewise no longer exist, at least to litigate future rights of the adult parties. This lack of continuing jurisdiction is also consistent with an anal-

ysis of what is actually being contested in the after-18-year-old child support cases. What is being sought is not "child support" in the classic sense of the words— by becoming 18 the parent is no longer legally obligated for support—but merely the enforcement of a contractual obligation by one adult, the mother, against another adult, the father, for monies due and owing under that contractual arrangement.

We therefore hold that a trial court has no continuing jurisdiction in a domestic relations action to enforce a contract requiring payments of support for a minor child if the sole basis for invoking such jurisdiction is a claim for support payments accruing after the child becomes eighteen. In so holding, we should be quick to point out that the only rights the court loses jurisdiction over are those accruing after majority attaches. Thus, support payments accruing prior to the child reaching majority, are enforceable by the court in the divorce action even after the child reaches majority.

Applying these principles to the facts in this case, it is clear that petitioner had paid all child support due to the mother until each child became 18 and left home. The children became 18 in February, 1972. The change in the law, lowering the age of majority to 18 occurred on August 13, 1972, and thus it could be argued that they were still minors during this period and payments were still due under the judgment. We agree, and insofar as the trial court attempted to adjudicate the right of the parties as to child support accruing prior to August 13, 1972, it had jurisdiction to do so. However, insofar as the court in the divorce proceedings attempted to adjudicate rights accruing after August 13, 1972, it was without jurisdiction to do so and the relief requested must be granted.

Petitioner has argued strenuously that the agreement between the parties was merged in the divorce judgment and that any liability for support ended with the girls' majority, because of the termination of the effectiveness of the divorce judg-

ment at that time. However, we need not decide the question of merger because it is not involved in the relief requested here, nor is it a necessary question for decision by the trial court in the divorce proceedings. This is for the reason that whether merged or not, the maximum relief available in the divorce proceedings is enforcement to the age of majority.

The relief requested is granted. That portion of the trial court's minute entry order of November 19, 1973, finding petitioner James L. Savage in arrears and ordering judgment in favor of the wife, Virginia Savage, for the sum of $7,805.25, and its written judgment filed on March 15, 1974, to the same effect are reversed, except that judgment may be entered in favor of Virginia Savage for $205.25, covering certain college expenses which petitioner does not contest plus any amount of child support accruing prior to August 13, 1972, which the court finds due from the petitioner. This court's decision does not necessarily preclude the defense of unjust enrichment if deemed applicable by the trial court under the circumstances of this case.