· 541 P.2d 382

**Dorothy Dean STANLEY, Appellant and Cross Appellee,**

v.

**Larry B. STANLEY, Appellee and Cross Appellant.**

No. 12196–PR.

Supreme Court of Arizona,
En Banc.

Oct. 16, 1975.

Flynn, Kimerer, Thinnes & Galbraith by John J. Flynn and Clark L. Derrick, Phoenix, for appellant.

Trew & Woodford by R. R. Woodford, Phoenix, for appellee.

Warner & Angle, Beer, Kalyna & Simon, and Andrews, Marenda & Moseley, P. A., Phoenix, amicus curiae.

HAYS, Justice.

We accepted review of this case in order to determine the effect of legislation changing the age of majority on the support provisions of a divorce decree entered prior to the effective date of the legislation.

The pertinent portion of the original divorce judgment of May 25, 1964, states that Larry B. Stanley was to pay Dorothy Dean Stanley the sum of $250 per month for the support of their minor child, Larry B. Stanley, Jr. After a hearing, the court modified the original judgment, terminating the duty of the husband to support his son. The termination date was to be August 9, 1972, the date his son became 18 years of age. The trial court found that the 1972 amendment to A.R.S. § 8–101 (effective August 13, 1972) which reduced the age of majority to 18 years from 21 years was dispositive of the case. The wife appealed. The Court of Appeals reversed the decision of the trial court. The opinion of the Court of Appeals is vacated. *Stanley v. Stanley*, 24 Ariz.App. 37, 535 P.2d 629 (1975).

We have held that majority or minority is a status rather than a fixed or vested right and that the legislature has full power to fix and change the age of majority. *Valley National Bank of Phoenix v. Glover*, 62 Ariz. 538, 159 P.2d 292 (1945), *Morrissey v. Perry*, 137 U.S. 157, 11 S.Ct. 57, 34 L.Ed. 644 (1890). By reducing the age of majority, the legislature affected the disabilities and entitlements accruing to persons because of their age. A claim to child support is no more a vested right than is the status upon which it

depends. When a person is no longer accorded a particular status, he is no longer entitled to put forward claims based upon that status.

We can infer no legislative intent to exempt those persons formerly benefitting from child support payments from the responsibilities of adulthood. The reduction in the age of majority was a comprehensive piece of legislation which amended no fewer than ninety sections of the Arizona Revised Statutes. Chapter 146, Laws of 1972. In two instances the legislature expressly preserved the minority status for some members of the class until age 21, but these are unrelated to child support. *See* Chapter 146, § 88, § 89, Laws of 1972.

The legislation was neither prospective nor retrospective in its operation. It affected all minors upon its effective date. Until that effective date, the age of majority was 21. Statutes will not be given retrospective effect unless the legislature clearly so intended. *Headley v. Headley,* 101 Ariz. 331, 419 P.2d 510 (1966). We find nothing that declares that the new age of majority shall have retroactive application. Therefore, child support payments should have terminated August 13, 1972, the effective date of the statute, since the Stanley child was then 18 years old.

Our opinion in *Rusham v. Rusham,* 110 Ariz. 326, 518 P.2d 576, *modified,* 110 Ariz. 426, 520 P.2d 298 (1974), has no application here. The rights and duties in that case arose by reason of an agreement of the parties, while in this case they arose by virtue of the child-support law of Arizona.

According to our computations, $32.14 is due in child-support payments for the period between the son's 18th birthday and the effective date of the legislation.

The judgment is affirmed as modified.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.