
575 P.2d 1256
**Virginia B. (Frazelle) HELBER,
Appellant,**

v.

**Gerald C. FRAZELLE, Appellee.**

**Nos. 1 CA–CIV 3121 and 1 CA–CIV 3122.**

Court of Appeals of Arizona,
Division 1,
Department C.

March 17, 1977.

Rehearing Denied April 20, 1977.

Review Granted May 10, 1977.

Hill & Savoy by Cheryl K. Hendrix, Phoenix, for appellant.

Warner & Angle by Jerry L. Angle, Donald J. Newman, Phoenix, for appellee.

OPINION

HAIRE, Judge.

The issue in this case is whether provisions in a separation agreement which required the husband to contribute to the support of the couple's daughter past the age of majority, so long as she remained a full time college student, can be enforced where the provisions of the separation agreement were incorporated and merged into a decree of divorce.

The parties to this appeal entered into a property settlement agreement on January 23, 1970, which specifically provided that the husband continue to pay child support for their daughter until June 1977, if she were still a full time college student, even though the daughter's 21st birthday would occur in March of 1977. At the time of the agreement, the statutory age of majority was 21 years.

On February 19, 1970, the parties were divorced. The judgment of divorce specifically approved and incorporated the property settlement agreement, and in the judgment the court restated the agreement, including the pertinent provisions relating to the daughter's support.

In 1972 the Arizona legislature reduced the age of majority to 18 years. A.R.S. § 1–215. When the daughter reached the new statutory age of majority, 18 years, no further support payments were made by the husband, notwithstanding the express terms of both the parties' property settlement agreement and the judgment, which incorporated the provisions of that agreement.

The mother, appellant herein, thereupon filed a petition for an order to show cause in the superior court divorce proceedings, attempting to enforce the terms of the

judgment. In her petition she asked for the past due sums, and an order directing that the father continue to make the required support payments. The father filed a motion to dismiss, asserting that, under *Savage v. Thompson,* 22 Ariz.App. 59, 523 P.2d 110 (1974), the divorce court was without jurisdiction to grant the relief requested. The trial judge found that the intent of the separation agreement was to continue the father's obligation to contribute to his daughter's support past the age of majority, but that, under *Savage v. Thompson, supra,* the court did not have jurisdiction in supplementary proceedings in the divorce action to render judgment or order payment with respect to these obligations. Suggesting that the remedy, if any, lay in an independent action on the contract rather than in a supplementary proceeding in the divorce action, the court dismissed appellant's petition.

The mother thereupon filed an independent action in the superior court attempting to enforce the agreement as a contract. The father again filed a motion to dismiss, alleging, *inter alia,* that the contract had merged into the divorce judgment and therefore could no longer be enforced in an independent action on the contract. This motion to dismiss was also granted.

The granting of both motions to dismiss thus leaves the appellant-mother standing on the courthouse steps, a judgment in one hand, and an approved and valid contract in the other, with her rights under both seemingly vanishing.

Since the trial judge in dismissing the supplementary proceedings in the divorce action relied heavily on *Savage v. Thompson, supra,* our analysis of the problem begins there. *Savage* also involved supplementary proceedings filed in a divorce action in the superior court by an ex-wife to hold her ex-husband in contempt of court for his alleged failure to pay child support awarded in a judgment of divorce. The ex-husband sought a counter-order to terminate support payments because of the lowering of the statutory age of majority from 21 years to 18 years. The trial court

declined to hold the ex-husband in contempt, but did enter a judgment for child support in the amount of $7,805.25, which covered arrearages accruing both before and after the children had reached 18 years of age. The ex-husband then filed a special action in this court protesting that the trial court lacked jurisdiction to enter a judgment for any support payments accruing after the age of 18. *Savage* was an especially hard case on its facts, because the trial court's judgment in effect imposed double liability on the ex-husband, inasmuch as he had previously paid the full amount of the after age 18 support obligations directly to his children instead of to his ex-wife.

In this Court's opinion disposing of the special action proceedings in *Savage,* we considered and necessarily relied on the then recent Arizona Supreme Court opinions in *Ruhsam v. Ruhsam,* 110 Ariz. 326, 518 P.2d 576 (1974); supplemental opinion, 110 Ariz. 426, 520 P.2d 298 (1974). The *Ruhsam* opinions had also originated in supplementary proceedings in a divorce action to enforce the provisions of a judgment based upon an agreement for post-majority child support. The trial court had found that the judgment imposed an enforceable obligation upon the husband to make the payment, and ordered him to do so. Upon appeal, the Court of Appeals reversed, *Ruhsam v. Ruhsam,* 21 Ariz.App. 101, 515 P.2d 1199 (1973), holding that the statutory reduction in the age of majority from 21 to 18 had relieved the father of any obligation to support the child. The Supreme Court vacated the Court of Appeals opinion, and affirmed the trial court's order requiring that the husband make the payments. The basis for the affirmance was that the agreement of the parties as incorporated into the judgment required the continuation of the payments to the age of 21, regardless of any subsequent change in the statutory support duty. The court stated:

"A.R.S. § 1–215, subsec. 4, as amended by Laws of 1972, provides that a 'child' means a person under the age of eighteen years. A.R.S. § 25–320, as amended by

Laws of 1973, provides that a court may order either parent owing a duty of support to a child to pay an amount reasonable and necessary therefor. *We consequently conclude that the Superior Court does not have the jurisdiction to enforce by contempt an order directing appellant to continue child support payments beyond the age of minority as fixed by the Legislature.*

"Until a child reaches his majority at the age of eighteen, a court may enforce its order for support by contempt. *Where there is a contract for support, such as here, the contract may be enforced after the child reaches his majority only as other judgments for debt. Stone v. Stidham,* 96 Ariz. 235, 393 P.2d 923 (1964). Judgment affirmed." (Emphasis added). 110 Ariz. at 328, 518 P.2d at 578.

The quoted language seems clear—contempt is not an available remedy to enforce provisions in a judgment for support accruing after the child reaches the age of majority, but such provisions in a judgment arising from a contract between the parties may be enforced "as other judgments for debt", i. e., by execution, supplementary proceedings, or other available remedies, but not by contempt.

The concept is consistent with *Stone v. Stidham, supra,* cited as authority by the court in *Ruhsam.* In *Stone v. Stidham,* the only question before the court was the availability of contempt as a remedy to enforce a judgment. The court held that the amounts there involved were actually in the nature of a property division, and stated that if the amounts had been intended for support or alimony, contempt would have been an available remedy. However, inasmuch as the amounts owing were in the nature of a property division, the trial court had exceeded its jurisdiction in imposing contempt. 96 Ariz. at 240, 393 P.2d at 926. But the court in *Stidham* did not hold that the judgment was not otherwise enforceable by execution, as any other judgment.

The confusion as to what *Ruhsam* meant by "enforcing the contracts as other judg-ments for debt" arises because of language used in the Supreme Court's supplemental opinion affirming its original opinion. The language used in the supplemental opinion seemed to imply that the post-majority support provisions in the original divorce judgment could not be enforced in those proceedings as a judgment for debt, but rather that the only remedy now available would be an independent action on the non-merged (and therefore still existing) contractual provisions:

"Appellant questions the last sentence of the decision in which we held that the contract can be enforced after the child reaches his majority. The decision did not point out the well established rule in Arizona that if there is language in a post-nuptial agreement from which it is clear that a merger with the divorce judgment is not intended, the purpose of the incorporation by the court into the judgment will be only to identify the agreement so as to render its validity res judicata in any subsequent action based upon it. *McNelis v. Bruce,* 90 Ariz. 261, 367 P.2d 625 (1961); *Simpson v. Superior Court,* 87 Ariz. 350, 351 P.2d 179 (1960). The post-nuptial agreement in this case provides:

'The efficacy of this agreement shall not be effected [sic] adversely, whether or not it is filed in such proceedings, but it shall continue to be, and maintained at all times to be, a binding and final agreement between the parties.'"

110 Ariz. at 426, 427, 520 P.2d at 298, 299

However, notwithstanding the implication created by the above-quoted language that the only remedy left to the ex-wife was an independent action on the non-merged contract, the supplemental opinion in *Ruhsam* proceeded to again affirm the trial court's judgment, a *result* which can only be justified as a holding that the post-majority support provisions in the original divorce judgment, even though based upon a non-merged agreement, were directly enforceable "as other judgments for debt" in the supplementary proceedings in the divorce action, without any necessity for ob-

taining a new judgment through the filing of an independent action on the non-merged contract.

Faced with the foregoing, this Court in its opinion in *Savage v. Thompson, supra,* opted to follow what we considered to be the verbalized holding in the supplemental opinion in *Ruhsam,* rather than that which could be inferred from the result, and we therefore held that even though a divorce judgment might contain contractually based provisions requiring post-majority support payments, such judgment provisions would be unenforceable because the maximum relief available in the divorce proceedings would be enforcement to the age of majority. We now conclude that our interpretation of *Ruhsam* was erroneous, and that contractually based provisions for post-majority support in a divorce judgment are enforceable "as other judgments for debt". To conclude otherwise would require that we not only ignore the *result* reached in *Ruhsam,* but also that we presume that the *Ruhsam* court meant to overrule, without expressing any intent to do so, its prior opinion in *Genda v. Superior Court,* 103 Ariz. 240, 439 P.2d 811 (1968), which did allow the direct enforcement of such a judgment.

In *Genda v. Superior Court, supra,* the Arizona Supreme Court was faced with a situation where the parties had an agreement, incorporated in a judgment, which provided that the support payments were to continue for the youngest son past the age of majority if he were unable to support himself. Although the actual circumstances of that case were particularly compelling, in that the child was physically and mentally infirm,[1] the court did not limit its holding to cases in which that circumstance existed.

The holding and discussion in *Genda* are enlightening:

"The general rule is that a court in a divorce or separation suit is without power to provide for the support of, or aid to, an adult child of the parties, or to continue a provision for support after a child attains his majority. Annotation, 162 A.L.R. 1084. See, also, *McVey v. McVey,* 60 Ariz. 380, 137 P.2d 971 (1943).

"Even in those cases where the adult child is physically or mentally incapacitated to provide for his own maintenance, the authorities quite consistently hold that the equity court in a divorce action or supplemental proceeding is without authority to provide for such adult child's support, *in the absence of statutory authority or contract.* [Citations omitted]." (Emphasis added).

"Without belaboring this opinion with the many factual situations presented in other jurisdictions, *our conclusion is that the trial court here in a proceeding supplemental to the original divorce action, had jurisdiction to hear the matter. Our decision is based upon the contractual agreement of the parties rather than upon any statutory provisions authorizing such jurisdiction. Indeed, the jurisdiction of the superior court to dissolve a marriage extends only to 'make \* \* \* provision for the minor children \* \*.'*

\*     \*     \*     \*     \*     \*

"*Having incorporated the agreement of the parties into the divorce decree, the jurisdiction of the superior court continued to enforce the decree and to do full and complete justice between the parties.*

"The judgment of the Superior Court was that 'it lacks jurisdiction in this matter at the present time,' and in her motion for rehearing to the Court of Appeals petitioner concluded by stating that 'all we ask is that *this* Court tell the lower court it had jurisdiction to decide

---

1. A.R.S. § 25–320B, as subsequently enacted, provides statutory authority for a court to order support for such a child past the age of majority. The statutory grant of authority otherwise is limited to requiring support from parents "owing a duty of support to a child"— which duty is abrogated after the child reaches

the age of majority. Before 1973 the statute provided only for "the support and maintenance of the *minor* children", A.R.S. § 25–319 (emphasis added), which had been consistently interpreted as not allowing a court, absent contractual agreement, to impose an obligation for support for adult children of the parties.

the case before it.' Our conclusion is that the lower court did have jurisdiction; *that its jurisdiction did not terminate when Ned Genda attained the age of twenty-one by reason of the contractual agreement which was incorporated into the decree of divorce.*" (Emphasis added). 103 Ariz. at 243, 244; 439 P.2d at 814, 815.[2]

There is a way in which the *Ruhsam* supplemental opinion can be harmonized with the *Ruhsam result,* as well as with the Arizona Supreme Court's prior decision in *Genda v. Superior Court, supra.* Prior decisional law in Arizona has recognized that even though an agreement has been incorporated into and made a part of the original divorce judgment, if the agreement has not been "merged" into the judgment, it still survives and will support an independent action for the enforcement of its terms. *See McNelis v. Bruce,* 90 Ariz. 261, 367 P.2d 625 (1961); *Simpson v. Superior Court,* 87 Ariz. 350, 351 P.2d 179 (1960). With this premise in mind, the *Ruhsam* supplemental opinion can be read as merely indicating the availability of an alternative (and non-exclusive) remedy on a *non-merged* contract by way of an independent action on that contract, and not as negating the right to enforce the judgment provisions in supplemental proceedings in the divorce action.

Both *Ruhsam* and *Genda* rest on the fundamental premise that where the provision for support is based only on the statutory obligation of a parent to support his minor child, that provision should be unenforceable when the statutory obligation ends. Where, however, the parties have by contract indicated an intent and commitment to provide for the child beyond their statutorily imposed obligation to do so, this contractual commitment becomes an enforceable part of the judgment if incorporated therein.

The latest Arizona Supreme Court case to consider the question of support payments past the age of majority was *Stanley v. Stanley,* 112 Ariz. 282, 541 P.2d 382 (1975). In that case the court affirmed a superior court decision which terminated the duty of the husband to support his minor son after the boy's eighteenth birthday in language which again makes the distinction between judgments based upon statutory obligations and those based upon contractual obligations, stating:

"Our opinion in *Ruhsam v. Ruhsam,* 110 Ariz. 326, 518 P.2d 576, *modified,* 110 Ariz. 426, 520 P.2d 298 (1974), has no application here. *The rights and duties in that case arose by reason of an agreement of the parties, while in this case they arose by virtue of the child-support law of Arizona.*" (Emphasis added). 112 Ariz. at 283, 541 P.2d at 383.

To summarize, in both *Ruhsam* and *Genda* the Arizona Supreme Court has upheld the jurisdiction of the trial court, in a proceeding supplemental to a judgment in a divorce, to enforce by remedies other than contempt a provision of the divorce judgment for child support past the age of majority, where such provision arose from a contractual agreement between the parties that clearly indicated an intention to provide for support beyond the obligation imposed by statute.

In the case at hand we are dealing with a judgment based on a contractual agreement to do more for the child than the law required. The problem of enforcement of this type of judgmental provision is not limited to a situation where there has been a change in the age of majority, but will occur whenever the parties agree that one of them will continue support past the age of 18—for instance, as in this case, in order to assist the child in completing his or her education. If the trial court, reviewing the agreement at the time of the entry of the divorce judgment, finds it fair and equitable and incorporates it into the divorce judgment, there appears to be no legal reason why such a provision should not be as enforceable as any other part of the judgment.

The trial court's finding in the supplemental .divorce proceedings, Maricopa

2. *Accord, Randolph v. Howard,* 16 Ariz.App. 118, 491 P.2d 841 (1971).

County Cause No. D–113739, that the agreement in the instant case demonstrates an intention to impose an obligation greater than the legal obligation to support the child during minority is therefore affirmed. The finding in said proceeding that the court was without jurisdiction to enforce its prior judgment as to sums accruing past the age of majority of Paula Leigh Frazelle, however, is erroneous, and the judgment of dismissal is reversed.

 Inasmuch as the record clearly indicates that the agreement of the parties was not only incorporated, but was also merged into the original divorce judgment previously entered in Cause No. D–113739, the agreement itself is no longer subject to enforcement by independent action. Therefore the judgment of dismissal in Maricopa County Cause No. C–306106 is affirmed.

FROEB, C. J., and JACOBSON, P. J., concur.