575 P.2d 1243
**Virginia B. (Frazelle) HELBER,
Appellant,**

v.

**Gerald C. FRAZELLE, Appellee.**

**No. 13184–PR.**

Supreme Court of Arizona,
In Banc.

Feb. 7, 1978.

Rehearing Denied March 14, 1978.

Hill & Savoy by Cheryl K. Hendrix, Phoenix, for appellant.

Warner & Angle by Jerry L. Angle, Donald J. Newman, Phoenix, for appellee.

STRUCKMEYER, Vice Chief Justice.

This consolidated appeal arises out of the dismissal of two actions filed by appellant, Virginia Frazelle Helber, seeking the enforcement of a postnuptial contractual provision for support of a child which was incorporated in a decree of divorce. The Court of Appeals affirmed the dismissal in one action and reversed in the other, 118 Ariz. 230, 575 P.2d 1256 (App.1977). We granted review. Opinion of the Court of Appeals vacated. Judgments of the Superior Court affirmed.

The parties to this appeal were divorced on February 19, 1970. In the decree of divorce, the trial court specifically approved and incorporated a settlement agreement previously entered into by the parties. The pertinent provision of the agreement for child support was in this language:

"* * * said payments to continue through the month of June, 1977, even though she should attain age 21 in March of 1977, provided she is still in college."

The agreement also provides that it

"* * * may be filed in any action for divorce between the parties for the approval thereof by the Court and may be incorporated in and become a part of any order, decree or judgment rendered in any such divorce action."

No payments were made after the child reached her eighteenth birthday. In an effort to enforce the provision for support, appellant first filed a supplemental proceeding in the divorce action, attempting to invoke the jurisdiction of the divorce court.

The Superior Court, however, dismissed the supplemental proceedings, believing that it was without jurisdiction to grant the relief requested since the daughter of the parties was over the age of majority, eighteen years. Appellant thereupon filed an independent action, attempting to enforce the agreement as a contract. This action was also dismissed for the reason that the contract had merged into the divorce judgment and could no longer be enforced in an independent action. Appellant was therefore left without any way to compel the appellee, her former husband, to support their child in accordance with his express promise as set forth in the settlement agreement.

The problem which arises is readily resolved by an examination of our previous decisions.

In *McNelis v. Bruce*, 90 Ariz. 261, 367 P.2d 625 (1961), we held that the mere approval of a property settlement agreement in a divorce decree does not operate to make it a part of and enforceable as a decree. We further held that if the language of the agreement shows an intent to make it part of the divorce decree and the agreement is actually incorporated therein, the agreement is superseded by the decree and the obligations imposed are not those imposed by contract but by the decree— that the contract has been merged into the decree. We have repeatedly held that under such circumstances an action cannot be maintained on the contract. *Simpson v. Superior Court*, 87 Ariz. 350, 351 P.2d 179 (1960); *Glassford v. Glassford*, 76 Ariz. 220, 262 P.2d 382 (1953); *Gillespie v. Gillespie*, 74 Ariz. 1, 242 P.2d 837 (1952).

■ Since the agreement in this case specifically provided that it could be filed in the action for divorce, and it was, and since the agreement further provided that it could be incorporated in and become part of the decree, and it was, it is plain beyond equivocation that the parties intended that the contract be merged into the decree and that the obligations imposed by contract were superseded and enforceable only as a decree for divorce may be enforced.

However, in 1968 this Court created an apparent exception to the foregoing stated rule in *Genda v. Superior Court*, 103 Ariz. 240, 439 P.2d 811. There it was acknowledged that the general rule is that a court in a divorce suit is without power to provide for the support of or aid to an adult child or continue a provision for support after a child attains his majority. Notwithstanding, we held the trial court had jurisdiction to enforce the decree. This was predicated upon the equitable power of the Superior Court to enforce the contractual agreement of the parties. We said:

"Having incorporated the agreement of the parties into the divorce decree, the jurisdiction of the superior court continued to enforce the decree and to do full and complete justice between the parties." *Id.* at 244, 439 P.2d at 815.

The holding in *Genda* is at variance with our previous decisions. It is in derogation of the statute providing for jurisdiction of the Superior Court to order child support. See A.R.S. § 25–320 A and B. It is therefore overruled insofar as it purports to permit the Superior Court independent of statutory authority to enforce provisions in a divorce decree for payment of support after a child reaches the age of majority.

In *Ruhsam v. Ruhsam*, 110 Ariz. 326, 327, 518 P.2d 576, 577 (1974), where a postnuptial agreement was "approved, confirmed, ratified and made a part of the decree" in which agreement the husband promised to pay $100.00 a month for each child until majority, we held that what was meant by "majority" in the agreement was to be determined from the intention of the parties, and approved the determination of the trial court that the parties intended 21 years rather than 18. We further held the agreement could not be enforced by contempt because the Superior Court did not have jurisdiction to require child support beyond the age of majority; but that the contract could be enforced as a judgment for debt, because, as we said on rehearing, in 110 Ariz. 426, 520 P.2d 298 (1974), the postnuptial agreement provided that its efficacy would not be affected adversely whether filed in the proceedings or not, but

would continue to be a binding and final agreement by the parties.

Following *Ruhsam v. Ruhsam,* supra, in *Stanley v. Stanley,* 112 Ariz. 282, 541 P.2d 382 (1975), we unequivocally held that the Legislature had the power to change the age of majority; that where there was no postnuptial agreement and only an order for support of a minor child until it reached its age of majority:

> "[The] child support payments should have terminated August 13, 1972, the effective of the statute, since the Stanley child was then 18 years old." *Id.* at 283, 541 P.2d at 383.

In 1974, in *Savage v. Thompson,* 22 Ariz. App. 59, 523 P.2d 110, the Court of Appeals correctly interpreted *Ruhsam* to the effect that where there was no merger, rights arising out of the separation agreement can only be enforced by bringing a separate action on the contract, by obtaining a judgment thereon and then enforcing it as any other civil judgment. The holding in *Savage v. Thompson* is completely consistent with the above-cited and analyzed decisions. But, as the court said:

> " * * * support payments accruing prior to the child reaching majority, are enforceable by the court in the divorce action even after the child reaches majority."

Accordingly, the judgments of the Superior Court are affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.