OKLAHOMA TAX COMMISSION,
Plaintiff in Error,

v.

Helen C. OVEN, Trustee under the Last Will
and Testament of H. L. Champlin, Deceas-
ed, for David J. Oven, Defendant in Error.

No. 38153.

Supreme Court of Oklahoma.

May 5, 1959.

R. F. Barry, Oklahoma City, for plaintiff in error.

Robinson, Shipp, Robertson & Barnes, by T. Murray Robinson, C. E. Barnes, Oklahoma City, for defendant in error.

JACKSON, Justice.

Is a traditional trust, which keeps its books on a cash basis, entitled, in computing its state income tax liability, to deduct Federal income taxes tendered and accepted *prior* to the close of the taxable year for which the taxes are paid?

On December 31, 1954, prior to close of banking hours, plaintiff Trustee filed what purported to be a final Federal Fiduciary Income Tax Return with the Director of Internal Revenue reflecting a tax liability for the calendar year 1954 of $398,505.79. A check in that amount was attached to the return and a Teller delivered an initialled "RECEIPT FOR PAYMENT OF TAXES," for said amount. The return was later examined and additional taxes of $264.14 were assessed and paid after 1954. Plaintiff deducted the amount paid in 1954 in computing and paying its state income taxes for 1954. Defendant, Oklahoma Tax Commission, refused to allow the deduction and proposed an additional assessment on the grounds that said deduction was unauthorized, which assessment, including interest, amounted to $26,638.09.

Plaintiff paid the additional assessment under protest and instituted this action to recover same. The trial court entered judgment for plaintiff, and defendant appeals.

68 O.S.1951 § 880, provides as follows:

"In computing the net income there shall be allowed as deductions from gross income: * * *.

"(c) Taxes paid * * * within the taxable year, * * *."

Defendant contends that this subsection permits a deduction only if the taxes are paid at a time when the taxpayer is privileged to make such payment, and that plaintiff was not so privileged in this case. In this connection it is observed that though individuals and corporations are *required* to pay estimated taxes during the taxable year by Sec. 6015 I.R.C., 26 U.S.C.A. § 6015, said section also provides as follows:

"The provisions of this section shall not apply to an estate or trust."
This clearly shows that a trust is not *required* to pay estimated taxes prior to the close of the taxable year, but the fact that a trust is not required to do so does not amount to a prohibition.

Defendant next contends that the language of Secs. 6072 and 6151 I.R.C., 26 U.S. C.A. §§ 6072, 6151, prohibit the payment of taxes by a trust prior to the close of its taxable year.

Sec. 6072 provides that returns based on a calendar year shall be filed "on or before the 15th day of April following the close of the calendar year * * *."

Sec. 6151 requires that the taxpayer "shall pay such tax at the time and place fixed for filing the return * * *."

It is argued that the language "on or before the 15th day of April following the close of the calendar year" amounts to a prohibition against filing a return and paying taxes prior to the close of the taxable year. Assuming, without deciding, that the existence of a Federal Statute pro-

hibiting payment of taxes prior to the close of the taxable year would prevent a taxpayer from claiming the deduction even though payment had been tendered and accepted prior to the close of the taxable year, we do not think that the above mentioned statutes constitute such a prohibition. The phrase "following the close of the calendar year" does not modify the word "filed" but modifies "the 15th day of April," and thereby designates the particular 15th day of April, *on or before* which the return must be filed. In order for this statute to have the meaning urged by defendant, it would be necessary to construe it as if an "and" had been inserted so that the statute would read "on or before the 15th day of April ['*and*'] following the close of the calendar year."

We conclude that the above mentioned Federal Statutes do not prohibit payment of income taxes by a trust prior to the close of the taxable year.

Defendant cites numerous authorities to the effect that statutes granting deductions must be strictly construed. The statute which we must construe is 68 O.S.1951 § 880, supra, which authorizes a deduction for taxes *paid* within the taxable year.

■ Do the facts of this case show a *payment?* If a person purports to pay an obligation prior to the time he is obligated to make payment, and the obligee accepts the tender and acknowledges payment, it would certainly appear to be a payment. Though the exact amount of the taxes in this case were not provable prior to the close of the taxable year they did constitute an inchoate obligation on the part of the taxpayer. The amount paid did not exceed the amount ultimately determined to be owing for the year 1954. In Pennsylvania Cement Co. v. Bradley Contracting Co., D.C., 274 F. 1003, 1007, the court said:

"  *  *  *  There has been a great deal of judicial juggling with such words as 'due' and 'payable,' and in a certain inchoate sense an income tax is due as soon as there is an income; but the tax is 'solvendum in futuro,'

and it becomes payable only when the solution or assessment is accomplished. A fiduciary who hastened distribution before the due date of a tax, and then said, I have nothing to pay with, would, in my judgment, be personally responsible, and any court which facilitates such a distribution would be chargeable with judicial wrongdoing."

Absent a valid reason or controlling authority to the contrary, we think the facts clearly show that the taxes were paid and, therefore, there is no problem of construction, and no reason to consider the cases calling for a strict construction.

Defendant contends that Manhattan Const. Co. v. Oklahoma Tax Commission, 204 Okl. 645, 233 P.2d 279, is authority for the fact that a taxpayer cannot claim a deduction for taxes tendered and accepted prior to the close of the taxable year absent a right to make a tentative or estimated return. The first paragraph of the syllabus in that case holds:

"Under State Income Tax Law as it existed in the year 1942 a taxpayer did not have the right to make a tentative return prior to the close of his taxable year and pay to the Oklahoma Tax Commission the tax as disclosed by such return *and* deduct the amount so paid from gross income received during the taxable year in computing income tax liability for that year." (Emphasis supplied.)

That case involved a claimed deduction for a claimed payment of state income taxes prior to the close of the taxable year. The tender to the state was specifically rejected. It was, therefore, not a payment. In the instant case the payment was accepted by the Collector of Internal Revenue and a receipt issued for payment of 1954 taxes. Defendant argues that this distinction is of no import because a tender of taxes due has the same effect as actual payment. But an unaccepted tender of taxes prior to the time the taxing authority is obligated to accept payment would not constitute payment. In the Manhattan case we held that, absent an express right to

file a return and pay taxes prior to the close of the taxable year an unaccepted tender would not be considered as a payment. So in the instant case it may well be that the plaintiff had no absolute right to pay the Federal taxes prior to the end of the year and that, therefore, an unaccepted tender would not amount to a payment, but since the tender was accepted as a payment, the above quoted paragraph of the syllabus in the Manhattan case is not controlling. It stands for the proposition that there was no *absolute* right to file a return and pay taxes prior to the close of the taxable year. This is exemplified by the following language in the body of the opinion.

"Under the statute as it existed in 1942 a taxpayer was not privileged to file a return and pay the tax thereby estimated prior to the close of the calendar year nor did there then exist any statute which would require the Tax Commission to accept a tentative return and a payment made thereon prior to the close of the taxable year, as a payment of taxes made for the current year. * * *."

The quoted language demonstrates that the court was merely holding that since there was no express right to file an estimated return and pay an estimated tax in 1942 (though there was at the time the opinion was written) the Tax Commission was not *required* to accept the estimated return and payment. In another part of the opinion we intimated that the result might have been different had the state accepted the tender.

The Manhattan case also involved a claimed deduction for payment of Federal taxes prior to the close of the taxable year. According to the second paragraph of the syllabus, the Collector of Internal Revenue had declined to accept the deposit as a payment on the tax liability for the year in which the tender was made, and the court held that such deposit was not deductible for state income tax purposes.

There being no express prohibition against the filing of a return or payment

of Federal taxes prior to the close of the taxable year, we conclude that the return, tender, and acceptance in the instant case constituted a payment of taxes within the meaning of 68 O.S.1951 § 880.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD and IRWIN, JJ., concur.