569 P.2d 292

**Bernard F. CORBETT, Appellant and Cross-Appellee,**

v.

**Jeanne A. CORBETT, Appellee and Cross-Appellant.**

**No. 1 CA–CIV 3282.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 4, 1977.

Rehearing Denied Sept. 12, 1977.

Review Denied Oct. 4, 1977.

Otto H. Linsenmeyer, Phoenix, for appellant and cross-appellee.

Patrick W. O'Reilly, Phoenix, for appellee and cross-appellant.

## OPINION

NELSON, Presiding Judge.

Petitioner, Jeanne A. Corbett and respondent, Bernard F. Corbett, were divorced in May 1967. The divorce decree required respondent to pay $100.00 per month as alimony and $100.00 per month as child support for the parties' minor child, Christopher William Corbett. The child support payments were to continue until Christopher reached the age of twenty-one years, was emancipated or until further order of the court.

In April 1975 Mrs. Corbett filed a petition in Maricopa County Superior Court for an order to show cause to obtain, inter alia, judgment for unpaid child support and alimony and to have respondent found in contempt of court for non-payment.

In response to the petition, respondent alleged Christopher was emancipated on December 26, 1974, requested the court make a determination of the amount due the petitioner and enter an order directing him to pay the balance at a rate of $50.00 per month, and alleged serious change of circumstances, requesting a modification of the divorce decree to discontinue payment of alimony.

Following a hearing, the court found that Christopher was emancipated, that petitioner was barred by the statute of limitations

from recovering arrearages accruing between 1967 and 1970, a period more than five years preceding the filing of her petition, that she was guilty of laches with respect to instituting action to recover arrearages for the period 1970 to 1975, and granted judgment against respondent for arrearages in the amount of $5,007.00. The court found no evidence of changed circumstances which would justify modifying the alimony requirement in the divorce decree.

Both parties have appealed from the trial court's post-divorce findings and orders.

■ The first question presented is whether the trial court erred in finding Christopher was emancipated. The record indicates Christopher reached the age of eighteen years on December 26, 1974. The 1972 amendments to A.R.S. § 8–101, effective August 13, 1972, reduced the age of majority from twenty-one years to eighteen years. In *Stanley v. Stanley,* 112 Ariz. 282, 541 P.2d 382 (1975), the Arizona Supreme Court, addressing an identical issue, found this amendment dispositive. Pursuant to that opinion, child support obligations arising solely by virtue of the child support laws of Arizona, as here, terminate on the date a child reaches the age of majority, eighteen years. For this reason the trial judge correctly found Christopher was emancipated when he reached his eighteenth birthday.

■ The next issue is whether respondent is entitled to set-off the value of certain money or its equivalent paid to petitioner between 1967 and 1970 against petitioner's claim for unpaid support obligations accruing after 1970. The trial court found petitioner was barred by the statute of limitations from collecting arrearages which accrued more than five years prior to filing her petition, the years 1967 to 1970. Neither party disputes the correctness of this finding. *See Robles v. Robles,* 26 Ariz.App. 129, 546 P.2d 1138 (1976); *Chudzinski v. Chudzinski,* 26 Ariz.App. 130, 546 P.2d 1139

(1976). The trial court also found, however, that during that period respondent paid petitioner twice the amount he was obligated to pay for child support and alimony. But, since there had been no agreement between the parties that the excess payments were advanced as future alimony or child support, the court refused to permit respondent to set these payments off against arrearages accruing between 1970 and 1975. The evidence supports this decision.

■ Where one purports to pay an obligation prior to the time he is obligated to pay it, and the obligee receives his tender for the purpose of extinguishing all or part of the debt, then there is "payment." *Oklahoma Tax Commission v. Oven,* 338 P.2d 1095 (Okl.1959). In the present case there was no agreement that the excess payments made by respondent between 1967 and 1970 were to satisfy or to constitute "payment" of his future support obligations. Absent such an agreement or acknowledgment this excess cannot be considered payment of respondent's support obligations and may not be used to offset his support arrearages between 1970 and 1975.

■ The next issue is raised by the petitioner who contends the trial court erred in finding her precluded by laches from recovering support arrearages accruing in 1970 and 1971. The apparent basis for the court's decision was that petitioner's delay in instituting proceedings to recover the unpaid child support and alimony prejudiced respondent in that he was barred by the statute of limitations [1] from offsetting the sums in excess of his support obligations paid to petitioner between 1967 and 1970 against the arrearages accruing in later years. While laches may constitute a defense to a claim for accrued but unpaid alimony and child support obligations, *see Patterson v. Patterson,* 102 Ariz. 410, 432 P.2d 143 (1967); *Baures v. Baures,* 13 Ariz. App. 515, 478 P.2d 130 (1970), the defense is unavailable "absent a showing of abandon-

---

1. The statute of limitations was apparently an alternate basis for disallowing respondent to offset excess payments made between 1967 and 1970 against arrearages in the years 1970 through 1975. Because of our resolution of the issues here we find it unnecessary to discuss whether the statute of limitations would have precluded an offset.

ment by appellant [in this case petitioner] of her claim or prejudice to the appellee." *Baures v. Baures, supra* at 520, 478 P.2d at 135. In the present case respondent's inability to assert a set-off was not caused by petitioner's delay in filing, but was due to the absence of an agreement that the overpayments were advanced and accepted as future alimony and child support. Since there is no other evidence that respondent was prejudiced by petitioner's delay in filing, it was error to apply the doctrine of laches to reduce her recovery.

To this extent the finding and order of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.

HAIRE and DONOFRIO, JJ., concur.