No. 14335

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

OLETHA R. CHRESTENSON,

        Plaintiff and Appellant,

  -vs-

EDWIN J. CHRESTENSON,

        Defendant and Respondent.

Appeal from:  District Court of the Fourth Judicial District,
             Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellant:

        Klaus Sitte, Legal Services, argued, Missoula, Montana

    For Respondent:

        Raymond J. Fox argued, Missoula, Montana

Submitted:  December 14, 1978

Decided: JAN 16 1979

Filed: JAN 16 1979

*Thomas J. Kearney*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from a judgment and order of the District Court, Missoula County, dismissing with prejudice her petition for a contempt citation against defendant for failure to make child support payments.

This appeal questions the effect on child support provisions, in divorce decrees entered prior to 1972, of Article II, Section 14, 1972 Montana Constitution and its implementing statute, section 64-101, R.C.M. 1947, which establish age eighteen as the age of majority. The parties hereto were divorced on June 5, 1963. Custody of their three minor children was awarded to plaintiff, and defendant was ordered to pay $150 per month in child support. Since the time the original decree was entered, two of the children have grown and left home, and several modifications of the support obligations have been made. The last modification occurred on July 15, 1975, when defendant was ordered to pay plaintiff $90 per month in support of the one child remaining with her.

On October 30, 1977, the youngest child became eighteen years of age. On the advice of his attorney, defendant stopped paying any child support to plaintiff after that date. In February 1978 plaintiff initiated contempt proceedings seeking continuation of the support payments. The District Court concluded that because Article II, Section 14, 1972 Montana Constitution provides that a person eighteen years of age is an adult, defendant's obligation to pay child support terminated on the youngest child's eighteenth birthday. This appeal followed.

The question of whether an obligation to pay child support which arose at a time when the age of majority was twenty-one years continues until age twenty-one even though the age of majority has been lowered to eighteen presents a case of first impression

- 2 -

in Montana.  The question is not, however, entirely unique.

In Arizona, which like Montana has adopted the Uniform Marriage and Divorce Act, it has been held that a child support obligation arising solely by the laws of Arizona terminates upon the date the child reaches the age of majority, eighteen years. Corbett v. Corbett (1977), 116 Ariz. 350, 569 P.2d 292.  In Corbett, the parties were divorced in May 1967, at which time the age of majority was twenty-one years.  The age was lowered to eighteen in 1972.  The child involved turned eighteen years old on December 26, 1974.  The Court held that the obligation to pay child support terminated on that date.  The only difference between the Arizona and Montana law is that in Arizona the lowering of the age of majority was by statute only.  In Montana it was both by statute and by the Constitution.

In another earlier case, the Arizona Court ruled that the statute lowering the age of majority fixed the status of minor and adult on its effective date and terminated child support payments for persons eighteen years or older on that date whose payments had been required by a divorce decree entered prior to that date.  Stanley v. Stanley (1975), 112 Ariz. 282, 541 P.2d 382.

The same result has been reached by a different analysis in a Virginia case.  Eaton v. Eaton (1975), 215 Va. 824, 213 S.E.2d 789.  In Eaton, the parties were divorced in 1971.  On July 1, 1972, the age of majority was lowered to eighteen.  On November 20, 1972, the original support provisions of the divorce decree were modified by order of the court.  This order provided that support was to be paid until further order of the court.  The Supreme Court ruled that the modification of support was a new decree for child support to which the law lowering the age of majority applied.  Therefore, the support order had no effect after the child reached age eighteen.

Here there are circumstances similar to Eaton.  The original

support order was in 1963. The latest modification in 1975 provided that support would be paid until further order of the court. Under the Eaton rationale, the constitutional and statutory provisions lowering the age of majority would apply to the order of November 1975 because the order was entered after the effective date of those provisions.

We agree with the conclusion reached by the Arizona and Virginia courts. Defendant's obligation to pay child support terminated upon the child's becoming eighteen years old. While we find these authorities from other jurisdictions persuasive, however, we do not adopt them as entirely controlling. Rather, we reach our conclusion on the basis of the applicable Montana statutes. Section 61-104, R.C.M. 1947, provides that "the parent or parents entitled to the custody of a child must give him support and education suitable to his circumstances". Section 64-101, R.C.M. 1947, as amended to implement Article II, section 14, 1972 Montana Constitution, provides that "minors" are males and females under eighteen years of age and that "[a]ll other persons are adults". The plain import of these constitutional and statutory provisions is that upon attaining the age of eighteen a person is an adult and is no longer a "child" within the purview of section 61-104 of whom parents are entitled to custody or to whom parents are obligated for support. Thus, at the time this proceeding was initiated, plaintiff was no longer under a duty to support the child, and defendant was likewise no longer obligated to provide funds for the fulfillment of that duty.

Plaintiff, in her brief, relies heavily on an Oregon case, Lekas v. Lekas (1975), 23 Or.App. 601, 543 P.2d 308, which reached an opposite result from our conclusion here. In Lekas, however, the divorce decree provided specifically that child support would continue to age twenty-one. Here, the decree and the subsequent modifications stated only that support would continue until further

order of the court. We do not by our holding here in anyway contradict the provisions of section 48-330(3), R.C.M. 1947, allowing parties to agree in writing or expressly provide in their decree of dissolution for termination of child support at an agreed upon age or time. Where such specific provision is made, it controls. Such is not the case here.

Plaintiff also seems to be claiming that she has a vested right to receive child support until the child reaches age 21. However, as pointed out in Stanley v. Stanley, supra, the claim of child support is not a vested right. Neither is the age of majority or minority a vested right; rather, it is a status. Stanley v. Stanley, supra.

We find no error in the District Court's dismissal with prejudice of plaintiff's petition for a contempt citation against defendant.

Affirmed.

_____
Chief Justice

We concur:

_____

_____
Justices

- 5 -

Mr. Justice Daniel J. Shea concurring:

I concur with the result in this case but the clear
implication of the decision is that no child is entitled
to the support of his parents after he reaches the magic
age of eighteen years.  In doing so, it appears that we
have relied too much on 1972 Mont. Const. Art. II, §14 and
perhaps may have locked ourselves into an untenable position
for the future.

Art. II, §14, states that "a person 18 years or older
is an adult for all purposes."  This section impliedly grants
rights and impliedly imposes obligations on a person who
reaches the age of eighteen years; but it does not release
a parent from an obligation to support one who has arrived
at the age of eighteen years.  I do not believe that this
constitutional provision would prohibit the legislature from
imposing a duty on parents to support their children who
have reached the age of eighteen years.  At least we should
not make such decision until that particular case comes before
us for decision.

Nor do I think that section 64-101, R.C.M. 1947 (con-
tained in the chapter entitled "Persons and Personal Rights")
adds anything as a legitimate basis for the court's conclusion.
The statute provides as follows:

> "64-101.  Minors and adults defined.  Minors
> are:
>
> "1.  Males under eighteen (18) years of age;
>
> "2.  Females under eighteen (18) years of
> age.  All other persons are adults."

This section says no more than what is contained in the
constitution.  There is no reason to give any weight to this
legislative enactment when the constitution mandates that
there can be no other substantive definition.  The statute
does nothing more than declare a status already mandated by
the constitution.

I would uphold the District Court on the basis that there was a sufficient factual basis in the record to conclude that support was not needed for the child. I am not willing however, to tie the hands of a District Court, or the legislature, by holding that the obligation to support, by virtue of the constitution, automatically stops when the child reaches eighteen years of age.

I also question the court's conclusion that if the decree expressly provides for the continuation of child support beyond the age of eighteen years, it will control. In light of this Court's interpretation of Art. II, §14, I fail to see how a District Court would be empowered to place such a provision in a decree of dissolution. I recognize however, that the parties could agree to an obligation to support a child beyond the age of eighteen years.

Daniel J. Shea
Justice

- 7 -