No. 89-185

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

IN RE THE MARRIAGE OF
DAVID L. McFATE,

        Petitioner and Respondent,
   and

ROBERTA L. McFATE,

        Respondent and Appellant.

'89 OCT 25 PM 2 28 FILED
ED SMITH, CLERK
MONTANA SUPREME COURT

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Russell Fillner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Joan Meyer Nye; Nye & Meyer, Billings, Montana

    For Respondent:

        Kevin T. Sweeney; Sweeney & Healow, Billings, Montana

---

Submitted on Briefs:  Aug. 3, 1989

Decided:  October 25, 1989

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant, Roberta L. McFate, appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, denying her motion to modify the parties' decree of dissolution to require respondent, David R. McFate, to pay support for the parties' adult children. We affirm.

The sole issue raised on appeal is as follows:

When a motion for modification of child support is brought after a child turns 18 years old, does the district court have jurisdiction to modify the decree of dissolution to require child support to continue past the age of 18 if the separation agreement incorporated into the original decree provides that support shall terminate once the child reaches the age of majority or is otherwise emancipated?

At the time of the dissolution of the marriage of Roberta and David McFate, the parties' twin son and daughter were 12 years old. The dissolution decree awarded custody of the two children to the mother and required the father to pay child support as follows:

> That petitioner [father] shall pay respondent [mother] the sum of ONE HUNDRED & NO/100THs DOLLARS ($100.00) per month per child for the support, maintenance and education of the minor children of the parties until three years from the date of this decree, at which time said amount is increased by TWENTY-FIVE DOLLARS ($25.00) per month per child.

In addition to the foregoing provision for monthly support payments, the parties' separation agreement, which was incorporated into the decree, provided that support would "continu[e] until said minor children reach the age of majority or are otherwise emancipated."

On November 18, 1988, the twins turned 18. Both were in high school at the time, one a senior and the other a junior. After the children's birthday, the father remitted the child support payment for November, 1988, prorating the payment through November 19, 1988. The father indicated that the prorated November payment would be his final remittance. He has not made any support payments since.

On January 31, 1989, the mother filed a motion to clarify and modify child support, requesting the District Court to (a) require that the father's child support obligation for each child continue through June of each child's graduation from high school; (b) require the father to pay necessary dental work of the children; and (c) increase the amount of child support. After a hearing, the District Court denied the motion, concluding that the court lacked jurisdiction to modify the decree. The wife appealed.

The statute governing modification and termination of support provides as follows:

> Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child . . .

Section 40-4-208(5), MCA.

Under the statute, if provisions regarding the duration of child support are not contained in either the dissolution decree or the separation agreement, jurisdiction over child support automatically terminates when the child becomes emancipated. If, however, the separation agreement or the dissolution decree provides that child support payments shall terminate at a specific age or time, such a provision is controlling and the district court retains jurisdiction over questions of support until the terms of the agreement or

decree are fulfilled. Chrestenson v. Chrestenson (1979), 180 Mont. 96, 99-100, 589 P.2d 148, 150. Once the party who owes the duty of support fulfills that obligation according to the terms of the agreement or the decree, the district court loses jurisdiction over the matter and can no longer entertain motions for modification or continuation of support.

The mother points to our decision in In re the Marriage of Bowman (1987), 226 Mont. 99, 734 P.2d 197, as authority for the proposition that the jurisdiction of the trial court continues beyond the age of majority. In Montana, the age of majority is 18. Section 41-1-101, MCA. It is true that in Bowman we recognized the district court's authority to order child support to continue past the age of majority. However, such authority exists only if the district court already has jurisdiction over the matter. In Bowman, the parties executed a separation agreement providing support for the couple's youngest son. The agreement was to remain in effect until replaced by other formal legal documents. This agreement gave the trial court the jurisdiction to order the father to pay support even though the child was 18 at the time of trial.

In the present case, the separation agreement incorporated into the dissolution decree did not give the District Court jurisdiction to consider questions concerning child support after the children turned 18. To the contrary, the agreement specifically provided that support payments would terminate when the twins reached the age of majority. This provision divested the District Court of jurisdiction to modify child support after the twins attained the age of 18.

On appeal, the mother raises several constitutional questions, including equal protection of the law and equality of educational opportunity. This Court reserves the right to

examine constitutional issues involving broad public concerns that affect the substantial rights of a litigant even if the questions are raised for the first time on appeal. Cottrill v. Cottrill Sodding Serv. (Mont. 1987), 744 P.2d 895, 896, 44 St.Rep. 1762, 1763. In this case, however, we decline to address the mother's constitutional issues. We base our refusal to examine these issues on the fact that the mother merely raises the questions in a conclusory manner; she fails to argue them. It is the duty of the parties to brief and argue the issues they raise. This Court is not obligated to make their arguments for them.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

- 5 -