No. 89-537

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE MARRIAGE OF

DIANA RAE COWEN HEWITT,
        Petitioner and Respondent,

    and

RONALD DEAN HEWITT,
        Respondent and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
                In and for the County of Fergus,
                The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Dennis Paxinos, Billings, Montana

        For Respondent:

        Jon A. Oldenburg, Deputy County Attorney
        Lewistown, Montana

        Bradley B. Parrish, Lewistown, Montana

Submitted on Briefs:    March 22, 1990

        Decided:    May 1, 1990

Filed:

_____
                Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from an order by the District Court, Tenth Judicial District, Yellowstone County, Montana which determined a child support obligation of Mr. Ronald Hewitt. Mr. Hewitt appeals. We affirm.

The sole issue presented for our review is whether the District Court erred in ordering continued child support for a married child who has reached the age of majority.

Robert and Diane Hewitt were married in 1966. Three children were born during the marriage: Malisa, born April 6, 1969 and Jason and Justin, born March 4, 1973. The parties separated in 1981 and Mrs. Hewitt filed a petition for dissolution on February 19, 1982. When the petition was filed Mr. Hewitt was not living in Montana and could not be personally served. Service by publication was made in the Lewistown, Montana newspaper. Mr. Hewitt did not participate in the formulation of the divorce decree or the property and support agreement. He made no appearance in the proceedings and on May 5, 1982 a default decree of dissolution was entered in Lewistown, Montana. One provision of the decree stated:

> 3. That the United States Navy or its paymaster is hereby ordered to deduct from Respondent's military retirement retainer the amount of $175.00 per month per child, for a total of $525.00 per month, for and as child maintenance and support to be paid directly to Petitioner. That said maintenance and support is to be continued until each child reaches the age of 18 or until each child reaches the age of 22 if they remain enrolled on a full time basis as students in post-high school education.

2

After the divorce was granted, partial child support payments were secured by garnishment of Mr. Hewitt's Navy retirement pay. However, this did not satisfy Mr. Hewitt's total monthly obligation, and arrearage began to accrue. In November, 1985, Ms. Hewitt obtained a judgment of over $10,000 on the accrued arrearage. In December, 1988, Ms. Hewitt petitioned for a supplemental support order. The court held a hearing on this petition on February 23, 1989. After the hearing the parties stipulated that Mr. Hewitt's total arrearage amounted to $20,623; that Mr. Hewitt's Navy retirement deduction should be paid at the maximum allowed by law until the arrearage was paid in full; and that the court should determine whether the support obligation for Malisa should cease upon her marriage in March of 1989. The parties submitted briefs on the child support issue.

On July 28, 1989, the District Court ordered that the child support obligation to Malisa should not terminate upon her marriage, but should continue until she is no longer enrolled as a full-time student in post high school education. It is from this order that Mr. Hewitt appeals.

Mr. Hewitt contends that he cannot be obligated to provide for a child who has reached the age of majority unless he has voluntarily agreed to do so. In support of this contention Mr. Hewitt cites § 40-4-208(5), MCA, which provides:

> Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child but not by the death of a parent obligated to support the child. When a parent obligated to pay support dies,

the amount of support may be modified, revoked, or commuted to a lump-sum payment, to the extent just and appropriate in the circumstances.

Mr. Hewitt also relies on Hurley v. Hurley (1986), 222 Mont. 287, 298-99, 721 P.2d 1279, 1286-87, which stated that "a parent's obligation for child support ends at the age of majority, unless there has been some _voluntary_ agreement that support by one or both parents will continue beyond majority." (Emphasis in original.) In Hurley, the District Court awarded the wife 65% of the marital estate based partly on the expense she would incur in educating the parties' son, who was in high school. Hurley is distinguishable since it did not involve an express child support provision, as we have in the present case. Additionally, Hurley did not discuss the statute relevant to the present issue, § 40-4-208(5), MCA.

Mr. Hewitt contends that his agreement to pay support must be voluntary and not the result of a default decree. However, his contention is not supported by the statutory language. Section 40-4-208(5), MCA, provides that provisions for support of a child are terminated by emancipation "[u]nless otherwise agreed in writing or expressly provided in the decree." In the present case the decree, entered upon his default, pursuant to the petition, expressly states that support is to be continued until the age of 22 if the child is a full-time student in post high school education.

As we have previously held, the provision of the decree controls:

4

> Under the statute, if provisions regarding the duration of child support are not contained in either the dissolution decree or the separation agreement, jurisdiction over child support automatically terminates when the child becomes emancipated. If, however, the separation agreement or the dissolution decree provides that child support payments shall terminate at a specific age or time, such a provision is controlling and the district court retains jurisdiction over questions of support until the terms of the agreement or decree are fulfilled. Chrestenson v. Chrestenson (1979), 180 Mont. 96, 99-100, 589 P.2 148, 150.

In re Marriage of McFate (Mont. 1989), 781 P.2d 759, 760, 46 St.Rep. 1858, 1860; See also Torma v. Torma (1982), 198 Mont. 161, 164, 645 P.2d 395, 397; Tefft v. Tefft (Mont. 1981), 628 P.2d 1094, 1097, 38 St.Rep. 837, 841. In the present case, an express provision of the decree obligates Mr. Hewitt to provide support past emancipation. Lack of participation by Mr. Hewitt does not render the decree ineffective. See In re Marriage of Bowman (1987), 226 Mont. 99, 109-10, 734 P.2d 197, 204.

Mr. Hewitt also contends that Malisa's emancipation by marriage should terminate his support. This contention, however, is also subject to the above analysis. Whether her emancipation is by reaching the age of majority or by marriage, the present decree extends the child support obligation past emancipation if the educational requirements are met.

As an alternative argument, Mr. Hewitt contends the District Court exceeded its jurisdiction in that its order of July 18, 1989 actually modified the original decree. The supplemental order states that child support "shall continue until [Malisa] is no

5

longer enrolled as a full-time student in post high school education." The original decree provided that support would terminate at age 22 regardless of the child's enrollment as a student. Ms. Hewitt concedes that the court's modification was inadvertent and exceeded its jurisdiction. Cf. In re Marriage of McFate, 781 P.2d at 760.

Accordingly, we affirm the order by the District Court which ordered Mr. Hewitt to pay child support to Malisa while enrolled as a full-time student in post high school education. We modify the supplemental order to state that this obligation shall continue until Malisa reaches the age of 22 if she remains enrolled on a full time basis as a student in post high school education, as provided in the original decree.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6