JUSTICE NELSON
dissenting.
I respectfully dissent from our decision on Issue III.
As to the court’s extending the Husband’s child support obligation, § 40-4-208(5), MCA (1981), the code in effect when the parties executed their November 4,1982 Custody, Support and Property Settlement Agreement and when the court entered its November 29,1982 Decree of Dissolution, provided for the automatic termination of child support at emancipation. That same section of the code in effect when the Wife filed her petition for modification, provides for child support during the time that an 18 year old child remains in high school. Section 40-4-208(5), MCA (1991). In my view, reconciling our decisions in In re Marriage of McFate (1989), 239 Mont. 492, 781 P.2d 759; and In re Marriage of Bowman (1987), 226 Mont. 99, 734 P.2d 197, with the current code leads to the conclusion that if, as here, the party seeking modification of child support files his/her motion before the support obligation is discharged by the child’s emancipation, reaching majority or the obligation under the decree and/or separation agree *169 ment being fulfilled — i.e., if the motion is filed while the court still has jurisdiction over support — then, and in that event, the court retains jurisdiction to modify support. See also § 40-4-201(6), MCA. Moreover, here, the court specifically retained jurisdiction to modify support in the 1982 Decree. Accordingly, I conclude that the court had the authority to and properly did extend the Husband’s support obligation during the times that Stacia and Jamie remained enrolled in high school and until their graduation, but in no event later than the child’s 19th birthday.
As our opinion readily acknowledges, “[t]here may be situations where the time for child support payments should be extended ...” If such a situation is not presented where the custodial parent has not had a child support increase in eleven years despite substantially increased costs of child rearing, where she has lost the benefit of her tax exemptions by reason of a change in the IRS code, where she is attempting to raise two teen age daughters still in high school, and where the non-custodial parent’s support payments do not comply with the Child Support Guidelines, then one can only wonder what sort of situation this Court has in mind.
JUSTICE GRAY joins in the foregoing dissent.