No. 95-364

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF

DEBBIE A. PETERSON,

      Petitioner and Respondent,

   and

RICHARD M. PETERSON,

      Respondent and Appellant.

FILED

JAN 18 1996

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fifteenth Judicial District,
In and for the County of Roosevelt,
The Honorable Kenneth R. Wilson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

        Arnie A. Hove, Circle, Montana

      For Respondent:

        Loren J. O'Toole II, Plentywood, Montana

Submitted on Briefs:  November 30, 1995

Decided:  January 18, 1996

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3 (c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter and West Publishing Companies.

Richard M. Peterson appeals from the findings of fact and decree of dissolution of marriage entered by the Fifteenth Judicial District Court, Sheridan County.  We affirm.

We rephrase the issues as follows:

1. Were the District Court's findings of fact concerning its custody decision clearly erroneous?

2. Did the court abuse its discretion by its award of child support to Debbie?

3. Did the court deny Richard equal protection and due process of law by relying on the reports of Debra Johnson?

Richard and Debbie Peterson were married on September 30, 1978, in Wolf Point, Montana.  Three children were born of this marriage: Richard, Jr., Jessica, and Samantha.  Debbie filed a petition for dissolution of the marriage on June 10,  1991. Following an April 18, 1994 hearing, the District Court issued its findings of fact, conclusions of law and decree of dissolution. Richard appeals from the court's findings of fact and decree of dissolution.

Issue 1

Were the District Court's findings of fact concerning its custody decision clearly erroneous?

The standard of review of a district court's award of child custody is whether the court's findings are clearly erroneous. In re the Marriage of Dreesbach (1994), 265 Mont. 216, 220-21, 875 P.2d 1018, 1021. A finding is clearly erroneous only if it is not supported by substantial, credible evidence, if the district court misapprehended the effect of the evidence, or, if after reviewing the record, this Court is left with a definite and firm conviction that a mistake has been made. In re the Marriage of Allison (1994), 269 Mont. 250, 259, 887 P.2d 1217, 1223.

At the April 18, 1994 hearing, the District Court heard testimony from the following witnesses: Linda Pusateri, a social worker with Eastern Montana Mental Health; Debra Johnson, a social worker with the Department of Family Services (now the Department of Public Health and Human Services); Kim Nash of Hi-Lines Homes Program, Inc.; and Carol Johns, the Guardian Ad Litem. The court also received the deposition of Dawn Marie Burke, a clinical psychologist with the Eastern Montana Community Health Center. Following the hearing, the court granted Debbie and Richard joint custody with Debbie as residential custodian during the school year and Richard custodian during the summer.

Pursuant to § 40-4-212, MCA, the District Court must determine custody in accordance with the best interest of the child. A review of the record, and specifically the testimony of the above-

listed witnesses, reveals that substantial, credible evidence supports the District Court's award of custody as in the children's best interest. The District Court did not misapprehend the evidence nor are we left with a definite and firm conviction that a mistake has been committed. We therefore conclude the District Court's award of custody was not clearly erroneous.

## Issue 2

Did the District Court abuse its discretion by its award of child support to Debbie?

We review a district court's award of child support to determine if the court abused its discretion. In re the Marriage of Craib (1994), 266 Mont. 483, 490, 880 P.2d 1379, 1384.

In its findings of fact, the District Court noted that the parties had not submitted the financial information necessary to calculate child support obligations and directed the parties to submit such financial records and their suggested child support calculations. The court stated:

> Neither party has submitted calculation for child support in accordance with the guidelines, therefore, the Court orders the parties in the decree to establish support for the three children in accordance with the Montana Child Support Guidelines

Despite this clear directive, Richard failed to submit his proposed calculation of child support according to the Montana Child Support Guidelines. Debbie, on the other hand, supplied the court with a child support calculation pursuant to the Montana Child Support Guidelines. Debbie utilized the most recent financial records available to her in calculating the child support. If any discrep-

4

ancies exist in the calculation of child support, they are the result of Richard's failure to supply the court with proposed child support calculations utilizing the financial data he deemed appropriate.

We conclude that the award of child support was calculated pursuant to the Child Support Guidelines and in accordance with the financial information available to the court. We hold that the District Court did not abuse its discretion in its award of child support to Debbie.

Issue 3

Did the District Court deny Richard equal protection and due process of law by relying on the reports of Debra Johnson?

Richard makes a sketchy argument that he was somehow treated differently than Debbie and was denied due process of law because he is a Native American. However, his constitutional argument is raised in merely a conclusory manner. It is not the duty of this Court to make a party's argument. In re the Marriage of McFate (1989), 239 Mont. 492, 781 P.2d 759. Regardless of Richard's failure to set forth any legal argument, his factual allegations of discrimination are not supported by the record.

We conclude that Richard has not established that he was denied equal protection or due process of law by the District Court's reliance on the reports of Debra Johnson.

We affirm the decision of the District Court.

_____
J. A. Turnage
Chief Justice

We concur:

_____

_____
Tom Trieweiler

_____

_____
W. William Leaphart
Justices