DA 11-0231

FILED

December 20 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 313

IN THE MATTERS OF THE GUARDIANSHIPS AND
CONSERVATORSHIPS OF M.A.S. and C.M.S.,

      Incapacitated and Protected Persons.

V.L-S.,

          Petitioner and Appellee,

   v.

M.S.,

          Respondent and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District, In and For the County of Lewis and Clark County, Cause Nos. ADG 08-39 and ADG 08-40 Honorable Dorothy McCarter, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Brian J. Miller (argued); Morrison, Motl & Sherwood, PLLP; Helena, Montana

      For Appellee:

            David L. Jackson (argued), Iris H. Basta; Jackson, Murdo & Grant, PC; Helena, Montana

Argued and Submitted: November 9, 2011

Decided: December 20, 2011

Filed:

_____
                  Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      M.S. (Father) appeals the First Judicial District Court's order requiring him to provide support for his disabled adult twin sons.  We consider on appeal whether § 40-6-214, MCA, grants authority for the District Court's ruling.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2      M.A.S. and C.M.S. are the twin children of Father and V.L-S. (Mother), who divorced when the twins were eight years old.  Now twenty-two years old, the twins were born with significant physical and mental disabilities and require full-time care and supervision.  C.M.S. is legally blind, does not speak, cannot walk independently, and cannot take any food by mouth but instead receives a liquid diet through his abdomen.  M.A.S. is autistic, has significant cognitive delays, and cannot be left alone for any length of time.  Both twins live with Mother, who has modified her home to accommodate their unique needs.

¶3      Upon dissolution of his marriage to Mother, Father was ordered to pay child support.  The twins graduated from high school on June 6, 2009, and turned nineteen years old approximately two months later.  Pursuant to § 40-4-208(5), MCA, and in the absence of a written agreement to continue providing support beyond the age of majority, Father's obligation to provide for the twins under the child support order ceased upon their graduation from high school.

¶4     After the twins turned eighteen, Mother petitioned the court for appointment as each boy's conservator and guardian.  The District Court granted Mother's petitions on March 24, 2009.  The court found the twins were "incapacitated persons" in need of protection and granted Mother all powers and duties of a guardian of an incapacitated person, as described in § 72-5-321, MCA.

¶5     On June 4, 2009, Mother filed a petition in the conservatorship actions, requesting continued child support from Father once the twins turned nineteen.  In its August 5, 2009 order, the District Court first determined that it could not order child support under the Uniform Child Custody Jurisdiction and Enforcement Act, which defines a "child" as "an individual who has not attained 18 years of age."  Section 40-7-103, MCA.  The court proceeded to consider § 40-6-214, MCA, which it held abrogated the common law and provided the court with authority to order a parent to support an adult child who is poor and unable to maintain himself, if the parent does not do so.  Nevertheless, because "[Father] has given no indication that he will not assist in supporting the twins[,]" the court concluded the statute did not allow an order imposing such support.

¶6     On April 19, 2010, Mother filed a second petition in the conservatorship actions, alleging Father had not provided meaningful support for the twins since the court's August 2009 order.  Relying again on § 40-6-214, MCA, the District Court found it had the authority to order Father to support the twins based on information he was not providing for them to the extent of his ability.  The court ordered the parties to submit

financial affidavits. Father appealed, contending the court lacked the statutory authority to order support. The two proceedings have been consolidated on appeal.

## STANDARD OF REVIEW

¶7 We review a district court's conclusions of law for correctness. *Emmerson v. Walker*, 2010 MT 167, ¶ 20, 357 Mont. 166, 236 P.3d 598.

## DISCUSSION

¶8 ***Whether the District Court had statutory authority to order Father to support his incapacitated adult children***.

¶9 The District Court relied on § 40-6-214, MCA, codified among statutes governing the Obligations of Parents, which states, "it is the duty of the father, the mother, and the children of any poor person who is unable to provide self-maintenance by work to maintain that person to the extent of their ability." Citing § 40-4-208(5), MCA, which concerns child support obligations upon termination of a marriage, Father argues his legal obligation to provide child support terminated when the twins graduated from high school or, at the latest, on their nineteenth birthday. Father cites previous rulings of this Court for the proposition that pursuant to a marital dissolution decree, a parent's obligation to provide child support terminates when the child becomes an adult. *Chrestenson v. Chrestenson*, 180 Mont. 96, 99, 589 P.2d 148, 150 (1979); *Tefft v. Tefft*, 192 Mont. 456, 462, 628 P.2d 1094, 1097 (1981); *Torma v. Torma*, 198 Mont. 161, 164, 645 P.2d 395, 397 (1982).

4

¶10 Mother's petitions, however, were not filed in the parents' marital dissolution proceeding but under the statutes governing a conservator and guardian. The District Court declared the twins "incapacitated persons" under § 72-5-101, MCA, meaning each suffers from "physical illness or disability . . . to the extent [he] lacks sufficient understanding or capacity to make or communicate responsible decisions[.]" Mother was appointed, and continues to be, the guardian and conservator of both twins. Her rights and duties in this position are outlined in the guardianship and conservatorship statutes, which include the right to "institute proceedings to compel any person under a duty to support the ward or to pay sums for the welfare of the ward to perform that person's duty." Section 72-5-321(2)(d)(i), MCA. We held in a prior case that § 40-4-208(5), MCA, and *Torma* did not apply to a mother's request for support where the mother had brought her action under the Uniform Parentage Act, rather than in the context of a marriage dissolution. *In re W.L.*, 259 Mont. 187, 192, 855 P.2d 521, 524 (1993). Likewise, Mother's petitions here were not filed in the dissolution proceeding.

¶11 Under Montana law, the relationship between parent and child "extends equally to every child and to every parent, regardless of the marital status of the parents." Section 40-6-103, MCA. Irrespective of the parents' prior marriage and its subsequent dissolution, the instant petitions are filed directly on behalf of Father's two adult children, not on behalf of their mother. Since the laws governing guardians and conservators grant express authority for the guardian to bring an action for support, the operative question is

5

whether there is "a duty to support" the twins that may be enforced against Father in the conservatorship proceedings.

¶12 Mother claims Father's duty to provide support for the twins arises under § 40-6-214, MCA. The statute was enacted in 1895 as part of the Civil Code of Montana, but never has been applied by this Court to circumstances similar to those presented here. We find instructive the rulings of other jurisdictions that have held similar statutes impose a duty to support one's disabled adult child independent of a child support order awarded in a marital dissolution action. Courts in both Oregon and California have analyzed in detail the origins of statutes creating a parental duty of support and their applicability to an adult disabled child. *In re Haxton*, 705 P.2d 721, 730-31 (Or. 1985) (citing cases recognizing the duty to support a disabled adult child and permitting enforcement of that duty through a direct action by the child); *Chun v. Chun*, 190 Cal. App. 3d 589, 596 (1987) (father owed duty of support to disabled adult child who was a "person in need who is unable to maintain herself by work" within the meaning of the statute). In *Haxton*, the court rejected the father's argument that modern domestic relations statutes prescribed exclusive authority for an award of support, concluding, "[n]either the process of collecting the law and procedure of domestic relations into one code section [n]or enactment of newer provisions to address the obligation of support in specific instances was intended to preclude other remedies that already existed." 705 P.2d at 729.

¶13 Other courts have articulated alternative mechanisms by which maintenance for an adult disabled child can be enforced outside the purview of a child support order granted during marital dissolution. *See, e.g., Parrish v. Parrish*, 361 N.W.2d 366, 372 (Mich. App. 1984) (support needed for adult disabled child properly considered by trial court in fashioning alimony award notwithstanding statute precluding an award of support for adult child); *Feinberg v. Diamant*, 389 N.E.2d 998, 1000-02 (Mass. 1979) (noting the common law rule there is no obligation on the part of parents to support adult children, but recognizing a parent may be required to support an adult disabled child not through the divorce statutes but under the court's general equity powers in guardianship proceedings); *Prosser v. Prosser*, 157 P.2d 544, 545-46 (Kan. 1945), *superseded by statute as noted in Arche v. United States*, 798 P.2d 477, 486 (Kan. 1990) (upholding action to enforce common law duty of support "where a child on becoming of age is in such a feeble and dependent condition physically or mentally as to be unable to support himself").

¶14 Based on the plain language of § 40-6-214, MCA, and the construction given similar statutes in *Haxton* and *Chun*, we conclude the statute has clear application to the facts of this case. No party disputes the twins are completely dependent on others and have insufficient income to be self-maintaining, aside from what benefits they may receive from government agencies and their parents. The District Court's determination of the twins' incapacity for purposes of the guardianship statutes satisfies the statute's predicate that they be unable to provide self-maintenance by work. Applying the "usual

7

and ordinary meaning" of the words used, *In re M.N.*, 2011 MT 245, ¶ 27, 362 Mont. 186, 261 P.3d 1047, we hold the statute imposes a duty on Father to support the twins "to the extent of [his] ability." Father's duty runs directly to the twins and is enforceable under the guardianship statutes. Section 72-5-321(2)(d)(i), MCA. *See Paxton v. Paxton*, 89 P. 1083, 1085 (Cal. 1907).

¶15 We therefore affirm the District Court's decision and remand for further proceedings to fashion an order of support consistent with the statute's directive. Section 40-6-214, MCA, states clearly that parents must support a child "to the extent of their ability." A parent is only obligated to provide such support as he or she can afford. *Chun*, 190 Cal. App. 3d at 597. Additionally, the court must formulate a support order considering the twins' other sources of income and means of support. While § 40-6-214, MCA, does not specify how a parent's ability is to be determined, Montana's Uniform Interstate Family Support Act applies in other situations where the support of a child is at issue and provides guidance in this situation. Title 40, chapter 5, part 1, MCA. That Act defines "child" to include an individual who is "owed a duty of support by the individual's parent," whether the child is over or under the age of majority. Section 40-5-103(1), MCA. The Department of Public Health and Human Services has adopted child support guidelines pursuant to § 40-5-209, MCA, for calculating minimum child support payments considering the circumstances of the parents and the family. Admin. R. M. Title 37, chapter 62. The court should consult those guidelines in determining an appropriate support award in this case.

**CONCLUSION**

¶16 The order of the District Court is affirmed and remanded with instructions consistent with this opinion.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ JAMES C. NELSON